UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DREW HUSKEY et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No. 4:19-cv-02710-JAR |
| | ) |
| COLGATE-PALMOLIVE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to file their Third Amended Complaint. (Doc. No. 38). Defendant opposes the motion. (Doc. No. 39). The matter is fully briefed and ready for disposition. For the following reasons the motion is denied.

## BACKGROUND

On July 4, 2019 Plaintiffs filed their first complaint, asserting several claims against Defendant related to their purchases of deodorant in the summer of 2019, including a claim for breach of warranty. (Doc. No. 1). Plaintiffs did not notify Defendant of the alleged defects prior to filing their lawsuit. On September 14, 2020, the Court dismissed Plaintiffs' claims for breach of warranty because Plaintiffs failed to "notify the seller of breach" prior to the filing of their complaint as required by Mo. Rev. Stat. § 400.2-607(3)(a). On September 16, Plaintiffs sent Defendant a letter notifying Defendants of the alleged breach of warranty stemming from Plaintiffs' purchases of deodorant in the summer of 2019. Plaintiffs now seek to amend their complaint to include allegations that they notified Defendants of the breach of warranty in the September 16 Letter and that Defendants had actual notice of the breach. (Doc. No. 38).

## **DISCUSSION**

Although it is well settled that leave to amend should "be freely given when justice so requires," Fed.R.Civ.P. 15(a), permission to amend may be withheld if the plaintiff does not have at least colorable grounds for relief, or if she is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (*Foman*). The trial court's decision whether to allow amendment will be reviewed only for an abuse of discretion. *Perkins v. Spivey*, 911 F.2d 22, 34–35 (8th Cir.1990) (no abuse of discretion where movant waited eighteen months after filing before seeking to amend and extensive discovery already conducted); *Thompson–El v. Jones*, 876 F.2d 66, 67–68 (8th Cir.1989) (no abuse of discretion in denying motion to amend since eighteen months had passed since filing of complaint, motion was made two weeks before trial and discovery cutoff had passed). There is no absolute or automatic right to amend. *Thompson–El*, 876 F.2d at 67.

It is well established that good reason to deny leave to amend exists if the amendment would be futile. *Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 225 (citing *Foman*, 371 U.S. at 182). "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

Plaintiffs' proposed Third Amended Complaint is futile because they have not alleged that they notified Defendants of the breach prior to filing their lawsuit, the same defect that caused this Court to dismiss their Second Amended Complaint. When pleading a breach of warranty claim, the "buyer must within a reasonable time…notify the seller of breach or be

barred from remedy." Mo. Rev. Stat. § 400.2-607(3)(a). Plaintiffs did not notify Defendant of the potential breach of warranty prior to filing this lawsuit. This Court found that Plaintiffs were required to give notice to Defendant "*prior* to filing their lawsuits," dismissing their claim for breach of warranty. (Doc. No. 37 at 12). *See Budach v. NIBCO, Inc.* No. 14-04324, 2015 WL 6870145 (W.D. Mo. Nov. 6, 2015).

Plaintiffs' September 16 letter does not constitute pre-filing notice. The letter was sent more than a year after the suit was initially filed. Plaintiffs argue the letter satisfies the pre-filing notice requirement because it was sent after the breach of warranty claim was dismissed, when "there was no longer any pending or existing litigation in relation to Plaintiffs' proposed breach of warranty claims." (Doc. No. 38 at 2). The pre-filing notice requirement would be meaningless if Plaintiffs could wait until their claim was dismissed to send notice to Defendant. Any plaintiff who did not give notice before filing could wait until their claim is dismissed, send notice, then amend their complaint. Plaintiffs' September 16 Letter does not constitute pre-filing notice; therefore, Plaintiffs' proposed amendment is futile. For these reasons, Plaintiffs' motion will be denied. *See Holloway* at 392.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiffs' Motion to Amend Complaint, (Doc. No. 40), is **DENIED**.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2020.